CORLESS v. CARLISLE.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 221*)—CLAIMS AGAINST ESTATE—SUFFICIENCY OF EVIDENCE.

In a proceeding had before a referee appointed pursuant to Code Civ. Proc. § 2718, to determine the validity of a claim against the estate of a decedent, evidence *held* insufficient to sustain a finding of the referee that the claim was established.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 903½; Dec. Dig. § 221.*]

2. EVIDENCE (§ 354*)—ACCOUNT BOOKS—ADMISSIBILITY.

In a proceeding to determine the validity of a claim against the estate of a decedent in which a witness testified that he had seen plaintiff make entries in an account book of payments made to deceased, the account book is not admissible to corroborate the witness or for any purpose.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1469; Dec. Dig. § 354.*]

Appeal from Order Entered on Report of Referee.

Action by Patrick Corless against William T. Carlisle, executor. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Robert A. B. Dayton, for appellant.
John H. Regan, for respondent.

SCOTT, J. This is an appeal by defendant from a judgment entered upon the report of a referee in a proceeding under section 2718.

Code Civ. Proc. The claim is for a sum of money alleged to be a balance of account due to plaintiff from the decedent at the time of his death.

Both the claim and the evidence to support it are extremely vague, and it is nowhere disclosed what the precise relations between plaintiff and deceased were, or how plaintiff arrived at the particular sum which he claims. It appears that at some time late in the year 1904 the deceased bought a saloon at Sixty-Seventh street and Columbus avenue in the city of New York, intending it for his brother William F. Nevins. William, however, was ill at the time and unable to undertake the care of the saloon, and the deceased decided to put it in charge of plaintiff. All that the testimony shows about the transaction is that deceased said to plaintiff: "I will put you in full. I will pay the bills." To which plaintiff replied, "If you will give me the money, I will start the place." What this means is not explained. All that the conversation discloses is that deceased was to furnish the money, and plaintiff was to carry on the business. There is nothing to indicate, and certainly no presumption, that deceased intended to make a present to plaintiff, and the evidence above quoted is consistent with either one of two possible theories, viz., that defendant proposed to sell the place to plaintiff, or that he put plaintiff into the place to run the business for him. The evidence is that plaintiff paid money to deceased from time to time, that plaintiff cashed checks for other persons, that these checks found their way into decedent's bank account, and that deceased paid or assumed the bills for liquor purchased for the saloon run by plaintiff. All this evidence is consistent with either of the above theories as to the nature of the transaction, and under neither theory is it sufficient to show that the payment of money by plaintiff to the deceased created an indebtedness in favor of the former.

The referee erroneously admitted in evidence an account book, said to have been kept by plaintiff, in which at certain times he was seen to enter payments made to deceased. The referee expressly stated that the book was not received as evidence of its contents, but merely to corroborate a witness who said he saw entries made therein.

The book was not competent for any purpose and should not have been received. The only other piece of evidence at all bearing upon the claim is that deceased was heard to say, a few months before his death, when he was preparing to go abroad, that plaintiff had money coming to him, and that he (deceased) would give it to him. This furnishes no foundation for the allowance of any particular sum, but at the most indicates that at some time the deceased owed plaintiff something. Of course, the provisions of section 829, Code Civ. Proc., interpose obstacles to the proof by a claimant in such a case as this; but the inability to produce competent proof does not authorize the allowance of a claim upon insufficient proof, as was done in this case.

The judgment appealed from must be reversed, and a new trial granted before another referee, with costs and disbursements to the appellant to abide the event. All concur.