LEVINSON v. KATZ.

(Supreme Court, Appellate Term.  February 8, 1912.)

EVIDENCE (§ 376*)—BOOKS OF ACCOUNT—ADMISSIBILITY.

> A party's account books are admissible as evidence only when it is shown that they are the party's books of account, kept in the regular course of business, that there was a course of dealing between the parties, that some article or service charged was actually furnished, that the party had no bookkeeper, unless for merely posting charges originally made in substance by the party, and that he kept fair accounts; and a sufficient foundation was not laid for their admissibility for plaintiff in an action for goods sold and delivered, where plaintiff merely called a witness, who testified that he was employed as plaintiff's bookkeeper, and kept a ledger, daybook, journal, and a cashbook, and made entries of goods sold and delivered in the ledger.

> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Hyman Levinson, doing business as Levon Mills, against Joseph Katz.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Gettner, Simon & Asher (Herman Gettner, of counsel), for appellant.

Jacob W. Hartman, for respondent.

SEABURY, J.  This is an action to recover for goods sold and delivered.  The answer is a general denial.  To sustain the cause of action alleged, the court below permitted the plaintiff to offer his own books of account in evidence.  A witness called by the plaintiff testi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fied that he was employed by the plaintiff as bookkeeper, and that he kept a ledger, daybook, journal, and cashbook, and that he made entries of goods sold and delivered in the ledger. The witness was then requested to turn to the defendant's account, and the book was offered in evidence, against the defendant's objection and exception.

No sufficient foundation for the introduction of the plaintiff's books of account was laid. The principle upon which a party's account books are received in evidence is itself an exception to the general rule. The exception rests upon the supposed necessity for it, and is only then allowed when circumstantial guaranties of trustworthiness are observed. Wigmore on Evidence, § 1536 et seq. In this state the conditions under which such evidence is received were early stated in the case of Vosburgh v. Thayer, 12 Johns. 461. The essential requirements which must be complied with, in order to admit such books of account in evidence, are well stated by Prof. Abbott in his note on the rule as to shop books in his Select Cases on Examining Witnesses, p. 538. He says:

"This rule, otherwise known as the rule in Vosburgh v. Thayer, 12 Johns. 461, as developed in practice and established by later cases, results as follows: In actions for goods sold and service rendered, not founded on special contract, the party's books of account are admissible in evidence for the consideration of the jury, in his own favor, upon due preliminary proof: (1) That they are his books of account, kept in the regular course of business; (2) that there was a course of dealing between the parties; (3) that some article or service charged was actually furnished; (4) that the party had no clerk or bookkeeper (unless, it may be, for merely writing up or posting charges originally made and completed in substance by the party); (5) that he kept fair and honest accounts."

Measured by this standard, it is evident that the preliminary proof offered by the plaintiff fell short of meeting the requirements of the rule, or of furnishing those guaranties of trustworthiness the observance of which is essential to prevent this exceptional rule from being used as a means of injustice.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.