### TITUS v. SPENCER.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

1. WITNESSES (§ 159*)—COMPETENCY—TRANSACTION WITH DECEDENT.

Testimony of plaintiff, in an action for medical services rendered deceased, as to personal transactions with deceased is prohibited by Code Civ. Proc. § 829, as to competency of witnesses.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 629, 664, 666–669, 671–682; Dec. Dig. § 159.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 376*)—BOOKS OF ACCOUNT—FOUNDATION.

Account books of plaintiff, in an action for services rendered deceased, are inadmissible, in the absence of independent, competent evidence, showing the course· of dealing between the parties and the rendering of some service by plaintiff to deceased.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.*]

3. APPEAL AND ERROR (§ 837*) — REVIEW — CONSIDERATION OF INCOMPETENT EVIDENCE.

Inability of plaintiff, in an action for medical services rendered deceased, to produce competent proof is no ground for sustaining a judgment on insufficient and incompetent evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. § 837.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edward C. Titus against Lydia A. Spencer, executrix of Armon Spencer, deceased. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

William H. Darrow, of New York City, for appellant.

Booth & Ellis, of New York City (Raymond C. Thompson, of New York City, of counsel), for respondent.

SEABURY, J. The plaintiff, a practicing physician, sues the defendant, as executrix of the last will and testament of Armon Spencer, deceased, to recover $250 for medical services alleged to have been rendered· the deceased from 1907 to 1912.

[1] Over objection and exception of defendant, plaintiff was permitted to testify to personal transactions had with the deceased. This testimony was clearly prohibited by section 829 of the Code of Civil Procedure. That the testimony received was incompetent seems not to be seriously disputed on this appeal, and the theory of the respondent seems to be that this court should disregard the error committed in the reception of this evidence and affirm the judgment because of other proof offered by plaintiff. The difficulty in the way of adopting this suggestion is that, if we disregard the evidence erroneously received, the evidence contained in the record is insufficient to establish plaintiff's cause of action.

[2] The account books of the plaintiff, which were received in evidence, were received without a proper foundation having been laid for their reception. The course of dealings between the parties and the rendering of some service by the plaintiff to deceased was not shown by independent, competent evidence. Levinson v. Katz, 75 Misc. Rep. 465, 133 N. Y. Supp. 439.

[3] The real contention of the respondent seems to be that, because he is unable to produce competent proof, the court should sustain a judgment entered upon insufficient and illegal evidence. In Corless v. Carlisle, as Executor, 137 App. Div. 611, 122 N. Y. Supp. 407, Mr.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Justice Scott disposed of the same contention in the following language:

"Of course the provisions of section 829 of the Code of Civil Procedure interpose obstacles to the proof of a claimant in such a case as this, but the inability to produce competent proof does not authorize the allowance of a claim upon insufficient proof, as was done in this case."

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.