### TITUS v. SPENCER.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICT—INCOMPETENT EVIDENCE.

A verdict supported only by evidence, which was incompetent under Code Civ. Proc. § 834, forbidding physicians to divulge information acquired by them in their professional capacity, and admitted over objections on that ground, will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edward C. Titus against Lydia A. Spencer, as executrix of the last will and testament of Armon Spencer, deceased. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial ordered. ·

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

William H. Darrow, of New York City, for appellant.

Booth & Ellis, of New York City (Raymond C. Thompson, of New York City, of counsel), for respondent.

GAVEGAN, J. For the third time this case comes before this court on appeal. On the first and second appeals the judgment for the plaintiff was reversed in each instance and a new trial ordered because of error in the admission of incompetent evidence. (Sup.) 145 N. Y. Supp. 40, and (Sup.) 147 N. Y. Supp. 343. There is still a failure of competent evidence in the case showing what services the plaintiff performed for the decedent. The evidence received was clearly inadmissible under section 834 of the Code, and it was reversible error on the part of the trial justice to overrule defendant's objection made on that specific ground.

If a proper foundation for the introduction of plaintiff's books in evidence had been laid in accordance with the rule set forth in Vos-

---

burgh v. Thayer, 12 Johns. 461, there might have been some evidence to justify the conclusion reached by the court.

A careful examination of the record fails to disclose any other evidence than that which was erroneously admitted as to the nature of the services performed by the plaintiff; the testimony on that point sought to be elicited from the plaintiff's witness Travell having been properly excluded by the court upon objection raised by defendant. It follows that the judgment, being based entirely upon incompetent evidence, must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.